OPINION
{¶ 1} Appellant, Ray DeCapito, Sr., appeals from the February 27, 2003 judgment entry of the Warren Municipal Court, granting judgment against Ray DeCapito, Jr. ("defendant"), and against appellant, jointly and severally, for arrearages in rent.
 {¶ 2} On January 28, 2002, appellee, Ronald T. Wilmouth, filed a complaint against appellant as well as against appellant's son, defendant, and defendant's wife, Tanya DeCapito ("Tanya"), alleging two causes of action, one in forcible entry and detainer and the other for past due rent in the amount of $2,515 plus any damages to the premises.[1]
Appellant filed an answer on February 5, 2002.
 {¶ 3} According to its February 11, 2002 judgment entry, the trial court granted appellee a writ of restitution with respect to the forcible entry and detainer action. The second cause of action for rent and any damages to the premises was tried before the Honorable Terry F. Ivanchak on July 22, 2002.
 {¶ 4} The facts pertinent to this appeal are as follows:[2] the July 22, 2002 hearing focused on rent due under a written lease between appellee, landlord, and tenants, defendant and Tanya. Evidence was presented that defendant and Tanya had signed a written lease for property located at 2870 North Road, in Warren, Ohio. Appellee also claimed damages against appellant.
 {¶ 5} According to appellant, he had sent a check or checks to appellee for a portion of the rent that had been paid. Appellant testified that he never lived at the premises, denied that he had ever agreed to guarantee defendant's and Tanya's rent, and stated that he never signed any document to guarantee the payment of rent. Appellant further stated that defendant did not have a checking account, so defendant would give appellant money, which appellant would deposit into his own checking account in order to pay defendant's and Tanya's rent.
 {¶ 6} Appellee testified that appellant had orally promised to guarantee defendant's and Tanya's payment of rent.
 {¶ 7} Pursuant to its February 27, 2003 judgment entry, the trial court granted judgment against defendant in the amount of $8,236, and against appellant, jointly and severally, for arrearages in rent in the sum of $560 plus costs.[3] It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 8} "The trial court erred in finding appellant responsible for paying the debt of another without a written agreement in writing signed by the party to be charged therewith."
 {¶ 9} In his sole assignment of error, appellant argues that the trial court erred by finding him liable to pay a portion of the rent owed by defendant and Tanya, when there was no agreement in writing which obligated him to pay that debt. Appellant stresses that there was a lease which was signed by only defendant and Tanya. Thus, appellant alleged that in an action for rent under a lease when the record showed no evidence of a written agreement of surety or guarantee for payment of rent of another person, the trial court committed reversible error by finding him, a third party, responsible.
 {¶ 10} The statute of frauds, as codified in R.C. 1335.05, provides in pertinent part that: "[n]o action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
 {¶ 11} "Although a promise to pay the debt of another has been defined as an undertaking by a person not previously liable, for the purpose of securing or performing the same duty for which the original debtor continues to be liable, the question of whether or not an oral promise comes within the meaning of the Statute of Frauds depends to a great extent upon the nature of the promise and the surrounding circumstances."Drake, Phillips, Kuenzli Clark v. Skundor (1986), 27 Ohio App.3d 337,339.
 {¶ 12} This court stated in Trans-Gear, Inc., v. Lichtenberger
(1998), 128 Ohio App.3d 504, 509, that:
 {¶ 13} "[t]he Supreme Court of Ohio has expressly outlined the appropriate analysis in determining whether an oral promise * * * is outside the statute of frauds. In Wilson Floors Co. v. Sciota Park, Ltd.
(1978), 54 Ohio St.2d 451 * * *, the Supreme Court identified two tests to be used in the analysis of an oral promise to answer for the debts of another: * * *
 {¶ 14} `The leading object rule indicates that, in a determination of whether an oral promise is enforceable to pay the debt of another, the court may employ one of two tests. The court may inquire as to whether the promisor becomes primarily liable on the debt owed by another to a third party. (* * *) If it is found that the promisor does not become primarily liable for payment of the debt, the court may inquire as to whether the promisor's leading object was to subserve his own business or pecuniary interest.' Wilson Floors at 458-459." (Parallel citation omitted.)
 {¶ 15} We further stated in Lichtenberger, supra, at 510, that: "[i]f * * * the promisor did not become primarily liable, and the original debtor remains liable, then the promise is nothing more than a collateral or secondary promise to answer for the debt of another, and the statute of frauds is applicable. * * * [However] [w]hen the leading object of the promisor is not to answer for another's debt but to subserve some pecuniary or business purpose of his own involving a benefit to himself, his secondary or collateral promise is not within the statute of frauds." (Emphasis sic.)
 {¶ 16} In the case at bar, the trial court stated in its February 27, 2003 judgment entry that:
 {¶ 17} "With respect to [appellant], the [c]ourt finds that although there was not a written contract with [appellant], he did significantly participate in the rental contract between [appellee] and [defendant], that would render him liable for certain aspects of the damages claimed by [appellee]. This liability is based on the following:
 {¶ 18} "1) That [appellee] would not have rented to [defendant] without [appellant's] guarantee, thereby deeming [appellant] a surety of the obligation and making [appellee] a [t]hird [p]arty [b]eneficiary of [appellant's] guarantee.
 {¶ 19} "2) That [appellant] notified [appellee] in February of 2002, during the leasehold, that he would no longer be responsible for [defendant.]
 {¶ 20} "3) That [appellant] had personally paid the rent for [defendant] on several occasions."
 {¶ 21} As previously noted, appellant did not provide a transcript for our review, but rather submitted statements of facts pursuant to App.R. 9(C). According to appellant's limited "STATEMENTS OF FACTS IN LIEU OF TRANSCRIPT," evidence was presented that only defendant and Tanya signed the lease, not appellant. Although appellee testified that appellant promised to guarantee defendant's and Tanya's payment of rent, appellant denied that allegation. Also, appellant stated that he had sent a check or checks to appellee for defendant's and Tanya's rent from funds received from defendant, which appellant said he would deposit into his own checking account because defendant did not have one. Contrary to the trial court's foregoing judgment entry, there was no mention in appellant's App.R. 9(C) statements that appellee would not have rented to defendant and Tanya without appellant's "guarantee." Further, there was no indication that appellant notified appellee that he would no longer be responsible or that appellant had personally paid the rent from his own funds.
 {¶ 22} Even assuming arguendo that appellant had agreed to become secondarily liable through an oral promise, the statute of frauds would require a writing since there is no evidence that appellant's leading object was to subserve his own business or pecuniary interest. Thus, pursuant to Lichtenberger, appellant's oral promise, if any, to answer for the debt of defendant and Tanya is unenforceable.
 {¶ 23} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Warren Municipal Court is reversed and judgment is entered for appellant.
Christley, J., Rice, J., concur.
[1] Tanya was not mentioned in the trial court's February 27, 2003 judgment entry and is not a named party in the instant appeal.
[2] Pursuant to App.R. 9(C), appellant submitted "STATEMENTS OF FACTS IN LIEU OF TRANSCRIPT," which was approved and filed on June 30, 2003.
[3] The trial court's judgment entry against defendant for $8,236, and against appellant, jointly and severally, for only $560 does not otherwise affect our analysis of the legal issues here.